**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE**

**TED WILLIS**                                                                                          **PLAINTIFF**

**v.**                                                               **CIVIL ACTION NO. 3:15CV-P623-GNS**

**AARON SMITH** *et al*.                                                                       **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff, Ted Willis, a prisoner proceeding *in forma pauperis*, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will allow the Fourteenth Amendment due process claims seeking monetary damages to proceed against Defendants in their individual capacities. The Fourteenth Amendment due process claims against Defendants in their official capacities will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff identifies the following seven Defendants: (1) Aaron Smith, the Warden at Kentucky State Reformatory (KSR); (2) Anna Valentine, the Deputy Warden of Programs at KSR; (3) Danny Perry, Unit Administrator II at KSR; (4) Jessica Kennedy, "C.T.O." at KSR;[1] (5) Alicia Boyd, Administrative Section Supervisor at KSR; (6) Stephene Bradford, "C.T.O." at KSR and (7) Everett Thomas, an employee of KSR.[2] Plaintiff sues Defendants in their official and individual capacities. As relief, Plaintiff seeks monetary damages.

---

[1] The positions of Defendants Kennedy and Bradford are not identified in the complaint. However, their positions are described in the summons forms filed by Plaintiff.

[2] Plaintiff fails to describe the position of Defendant Thomas. In the summons provided Plaintiff does list him as having a KSR address.

In his complaint, Plaintiff states as follows:

The Kentucky Department of Corrections has policy set forth by the legislature for the proper management of inmates and to insure that all inmates are treated fairly and are afforded equal protection under the law. In June 2013 I was submitted for transfer and upon waiting two (2) years I filed a grievance and the Grievance Coordinator Mr. Atkins discovered that the above listed individuals had altered and falsified my Kentucky Offender Management Service Records. Dates had been changed and information had been completely destroyed. These actions were in violation of established policy and denied my equal protection under the law.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)

(citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>ANALYSIS</u>

#### A. Official-Capacity Claims

Under the Eleventh Amendment to the U.S. Constitution,[3] a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-20 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*,

---

[3] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

3

440 U.S. 332, 341 (1979)); *see Ferritto v. Ohio Dep't of Highway Safety*, No. 90-3475, 1991 WL 37824, at *2 (6th Cir. Mar. 19, 1991) ("The Eleventh Amendment prohibits actions against states and state agencies under section 1983 and section 1985.").

The Eleventh Amendment similarly bars damages claims against state officials sued in their official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *McCrary v. Ohio Dep't of Human Servs.*, No. 99-3597, 2000 WL 1140750, at *3 (6th Cir. Aug. 8, 2000) (finding § 1983 and § 1985 claims against state agency and its employees in their official capacities for damages barred by Eleventh Amendment immunity). Thus, the claims against Defendants, who are employees of the Commonwealth of Kentucky sued in their official capacities for monetary damages, are barred by Eleventh Amendment immunity.

Further, Defendants sued in their official capacities for monetary damages are not considered "persons" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Thomas v. Noder-Love*, No. 13-2495, 2015 WL 4385284, at *5 (6th Cir. July 17, 2015) ("It is also well-settled that [Eleventh Amendment] . . . immunity applies to claims under § 1983, meaning that states and state officials sued in their official capacity are not considered 'persons' under § 1983 and, therefore, cannot be sued for money damages without the state's consent.").

Accordingly, the official-capacity claims will be dismissed from this action pursuant to 28 U.S.C. § 1915A(b)(2) since they seek monetary relief from Defendants who are immune from such relief.

### B. Individual-Capacity Claims

Plaintiff alleges that Defendants "altered and falsified [his] Kentucky Offender Management Service Records." Plaintiff states that dates were changed in his records and information was completely destroyed. Plaintiff asserts that these actions "were in violation of established policy and denied [his] equal protection under the law." It appearing that Plaintiff's claim may more appropriately fit under due process rather than equal protection, the Court construes Plaintiff as alleging a Fourteenth Amendment due process claim against Defendants.

Upon consideration, the Court will allow the Fourteenth Amendment due process claims seeking monetary damages to proceed against Defendants in their individual capacities at this time.

### IV. ORDER

For the reasons set forth more fully above, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the official-capacity claims against Defendants are **DISMISSED** from this action pursuant to 28 U.S.C. § 1915A(b)(2) since they seek monetary relief from Defendants who are immune from such relief.

The Court will enter a separate Scheduling Order directing service and governing the development of the Fourteenth Amendment due process claims which are continuing against Defendants in their individual capacities. In permitting these claims to continue, the Court passes no judgment on the merits and ultimate outcome of the action.

Date: October 21, 2015

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Defendants
4416.003

5