UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-00623-GNS

TED WILLIS                                                                                                     PLAINTIFF

v.

AARON SMITH, et al.                                                       DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss (DN 13). The motion is ripe for adjudication. For the reasons described below, the Court **GRANTS** Defendants' motion to dismiss.

**I.    BACKGROUND**

On July 17, 2015, Ted Willis ("Willis"), an inmate at the Kentucky State Reformatory ("KSR"), filed a complaint alleging that Defendants, employees of KSR, "altered and falsified [Willis'] Kentucky Offender Management Services Records," thwarting his request for a transfer. (Compl.1-4, DN 1). On October 21, 2015, the Court dismissed all claims against Defendants in their official capacities, but allowed the claims to proceed against Defendants in their individual capacities for violation of Willis' Fourteenth Amendment due process rights. (Mem. Op. & Order, DN 8).

**II.    STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue of

material fact when "looking to the record as a whole, a reasonable mind could come to only one conclusion . . . ." *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 186 (6th Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)). "When moving for summary judgment the movant has the initial burden of showing the absence of a genuine dispute as to a material fact." *Automated Sols. Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 520 (6th Cir. 2014) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "The burden then shifts to the nonmovant, who must put forth enough evidence to show that there exists 'a genuine issue for trial.'" *Id.* (citing *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004)).

While the Court must view the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citations omitted). Rather, the non-moving party must present specific facts proving that a genuine factual issue exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

### III. DISCUSSION

"In order to state a viable claim pursuant to the *Bivens* doctrine, a plaintiff must allege that he was deprived of a right secured by the federal constitution or laws of the United States by a person acting under color of federal law." *Nunez v. FCI Elkton*, 32 F. App'x 724, 725 (6th Cir. 2002) (citations omitted). "[A] prisoner has no inherent constitutional right to be confined in a particular prison or to be held in a specific security classification." *Id.* at 725 (citations omitted).

2

"Furthermore, in order to raise a due process interest, [Willis] must allege that, by virtue of the alleged acts of the defendants, his sentence was extended or he suffered an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'" *Id.* at 725-26 (citation omitted).

Defendants argue that Willis "has no due process right to be transferred to another facility and therefore cannot state a claim for a violation of his rights." (Defs.' Mem. in Supp. of Mot. to Dismiss 2, DN 13-1 [hereinafter Defs.' Mem.]). Defendants also note that, because Willis has not alleged an atypical and significant hardship or an impact on the duration of his sentence, "even if [Willis'] allegations are [true] regarding falsified or destroyed documents, no due process right existed regarding the transfer request and therefore could not be violated by Defendants' alleged actions." (Defs.' Mem. 3).

In his response, Willis does not argue that he has a constitutional right to a transfer, but instead notes that his complaint is not that he did not receive a transfer, but that "his KOM files [were] changed and altered and all the lies and harassment and mistreatment he has been subjected to because of the Defendants' actions." (Def.'s Mem. 1). Willis asserts that he was threatened for requesting a transfer; problematically, he leaves the nature of these threats vague, reciting only that he was told he would "get in trouble." (Pl.'s Mot. in Resp. to Mot. to Dismiss 3-4, DN 14).

In short, the Court cannot discern in Willis' Complaint or response to Defendants' motion any constitutional right that Defendants violated. Even if the Court had discerned such an alleged violation, Willis would be obligated to show that he had exhausted all available administrative remedies before filing a complaint in this Court. 42 U.S.C. § 1997e(a). He has not done so.

3

Absent an allegation of a violation of Willis' constitutional rights and evidence that Willis exhausted his administrative remedies, the Court must grant Defendants' motion.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (DN 13) is **GRANTED**. This matter is **STRICKEN** from the Court's docket.

**Greg N. Stivers, Judge**
**United States District Court**
April 5, 2016

cc: counsel of record